## M. NELLIE KING, Administratrix, *vs.* DAVID PATT.

Under Gen. Stat. R. I. cap. 203, §§ 23 and 33, the deposition of a party to a suit may be
read at the trial, although the death of such party before the trial precludes, under Pub.
Laws R. I. cap. 605, of March 28, 1877, the opposite party from testifying.

EXCEPTIONS to the Court of Common Pleas.

This case was trover and conversion brought in the Court of
Common Pleas by Daniel S. King against David Patt. The writ
bears date June 18, 1879, and was served by arrest June 27, 1879.
The declaration was filed November 18, 1879. The deposition of
the plaintiff Daniel S. King was taken June 30, 1879, to be used
in the trial of the case, and this deposition, which was not taken
" *in perpetuam memoriam,*" was opened in court June 25, 1880.
While the case was pending and before trial, Daniel S. King died,
and M. Nellie King, the administratrix on his estate, assumed the
prosecution of the suit. At the trial in the June Term, 1880,
the plaintiff offered this deposition of· Daniel S. King as evidence
to the jury. The defendant objected to its admission, but the
presiding justice overruled the objection and the defendant ex-
cepted. Subsequently the defendant offered himself as a witness.
The plaintiff objected to the admission of his testimony, the pre-
siding justice sustained the objection, and the defendant excepted.

Gen. Stat. R. I. cap. 203, contain the following provisions :

" SECT. 23. The deposition of any person taken pursuant to
this chapter shall be used as evidence in the trial of any cause in
which it shall have been taken to be used ; and if the party that
took the same shall neglect to produce or use it, the adverse party
may use in such trial the original, or a copy of such deposition,
certified by the magistrate before whom it was taken."

" SECT. 33. In every civil action or civil proceeding at law, a
party thereto, or any other person, may testify by deposition or
orally in court, except as otherwise in this chapter provided."

Pub. Laws R. I. cap. 605, of March 28, 1877, provide :

" SECT. 1. Section 32 of chapter 203, of the General Statutes,
is hereby amended, and shall read as follows: " No person shall
be disqualified from testifying in any action at law, suit in equity,
or other proceeding at law or in equity, by reason of his being

interested therein, or being a party thereto : *Provided,* that when an original party to the contract or cause of action is dead, or is shown to the court to be insane, or when an executor or administrator is a party to the suit, the other party may be called as a witness by his opponent, but shall not be admitted to testify upon his own offer, or upon the call of his co-plaintiff or co-defendant, otherwise than now by law allowed, unless a nominal party merely, or unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the decease of the executor's testate or administrator's intestate."

*October* 16, 1880. PER CURIAM. We think the rulings excepted to were right. Our statute provides that the deposition of any person duly taken may be used as evidence in the trial of the cause in which it was taken, and that a party may testify either orally or by deposition. Gen. Stat. R. I. cap. 203, §§ 23 and 33. Under these provisions the deposition of a party who dies after its caption is as admissible as the deposition of any other deceased witness. It is also clear, under Pub. Laws R. I. cap. 605, of March 28, 1877, that the testimony of the defendant was inadmissible after the death of the plaintiff, the cause being prosecuted by his administratrix. It is doubtless true that the reason why when one party is dead the testimony of the other is excluded, or rather not admitted by the statute, fails to some extent when the party who is dead has left a deposition which can be used, but nevertheless the statute is plain and peremptory, making no exception for such a case; and we must obey it. The exceptions are overruled, and the judgment of the court below affirmed with costs of this court. *Exceptions overruled.*

*Charles L. Steere,* for plaintiff.
*Marquis D. L. Mowry,* for defendant.